Brian J. Porter, Bar Number 14291
Armand J. Howell, Bar Number 10029
Benjamin J. Mann, Bar Number 12588
HALLIDAY, WATKINS & MANN, P.C.
Attorneys for Bank of America, N.A.
376 East 400 South, Suite 300
Salt Lake City, UT 84111
Telephone:  801-355-2886
Fax:  801-328-9714
Email: brian@hwmlawfirm.com
File No: 48381

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>ROYCE L MONSON dba LEVERAGE FOR LIFE aka SKY BLUE aka ROYCE LOUIS MONSON<br><br>Debtor. | Bankruptcy Case No. 19-26119 RKM<br>Chapter 13<br>**MOTION TO TERMINATE AUTOMATIC STAY AS TO BANK OF AMERICA, N.A. AND FOR IN-REM RELIEF PURSUANT TO 11 U.S.C.A. § 362 (d)(4)** |

Bank of America, N.A. ("BOA"), hereby moves the Court pursuant to 11 U.S.C., Section

362, for an order terminating the automatic stay and for In-Rem Relief Pursuant to 11 U.S.C.A. §

362(d)(4) with respect to the following described real property (the "Property") located in Davis

County, State of Utah:

> All of Lot 56, Sunshine Meadows Phase 3, Clinton City, Davis County, Utah, according to the official plat thereof;
>
> Commonly known as 2897 West 2300 North, Clinton, UT 84015;

so that it may proceed with the foreclosure process on its security interest in the property.  This

motion is based on the following.

## STATEMENTS OF FACTS

1.        That on or about December 1, 2000, Borrowers, Terreyon M. Atkinson and Jennifer A. Atkinson, executed the Promissory Note in the original principal sum of $142,918.00 ("Note"), along with a Deed of Trust, originally in favor of Hillsborough Corporation a Nevada Corporation, which granted a security interest in the real property, located at 2897 West 2300 North, Clinton, UT 84015 (the "Property").  Copies of the Note and Deed of Trust are attached hereto as Exhibit "A".

2.        The Note and beneficial interest in the Deed of Trust was subsequently transferred from Hillsborough Corporation a Nevada Corporation to Countywide Home Loans, Inc., then subsequently to Countrywide Home Loans Servicing, L.P., and lastly to Bank of America, N.A. Copies of the Assignments are attached hereto as Exhibit "B".

3.        Borrower has defaulted under the terms of the Note and Mortgage by failing to make the monthly payments due on February 1, 2008, and all subsequent payments.

4.        Orange Title Insurance Agency, Inc. executed and recorded a Notice of Default and Election to Sell on April 27, 2016.  A copy of the recorded Notice of Default and Election to Sell is attached as Exhibit "C".

5.        As a result of Borrowers' default under the terms of the Note and Trust Deed, BOA substituted Orange Title Insurance Agency, Inc. as the successor trustee of the Trust Deed and recorded on April 27, 2016.  A copy of the recorded Substitution of Trustee is attached as Exhibit "D".

6.        On August 3, 2016, Orange Title Insurance Agency, Inc. scheduled a Trustee's Sale for September 14, 2016, at 9:00 AM.  A copy of the August 3, 2016 Notice of Sale is

attached hereto as Exhibit "E".

7.      On October 1, 2016, Borrower, Terreyon M. Atkinson, executed a Quit Claim Deed in favor of Tyson G. Christensen.  On October 6, 2016, the Quit Claim Deed was recorded with the Davis County Recorder's Office.  A copy of the Quit Claim Deed is attached hereto as Exhibit "F".

8.      On October 12, 2016, Tyson G. Christensen filed Bankruptcy case 16-29016. This case was dismissed for failure to pay filing fee on October 31, 2016.

9.      On November 22, 2016, Orange Title Insurance Agency, Inc. scheduled a Trustee's Sale for February 1, 2017, at 9:00 AM.  A copy of the November 22, 2016 Notice of Sale is attached hereto as Exhibit "G".

10.     On January 4, 2017, Borrower, Jennifer Atkinson filed Bankruptcy case 17-20039.  This case was dismissed for failure to make plan payments on January 31, 2019.

11.     On October 26, 2017, Orange Title Insurance Agency, Inc. scheduled a Trustee's Sale for January 3, 2018, at 9:45 AM.  A copy of the October 26, 2017 Notice of Sale is attached hereto as Exhibit "H".

12.     On November 20, 2017, Tyson G. Christensen filed Bankruptcy case 17-30089. This case was dismissed for failure to file information on January 9, 2018.

13.     On February 13, 2018, Orange Title Insurance Agency, Inc. scheduled a Trustee's Sale for April 25, 2018, at 9:45 AM.  A copy of the February 13, 2018 Notice of Sale is attached hereto as Exhibit "I".

14.     On April 10, 2018, Tyson G. Christensen filed Bankruptcy case 18-22457.  This case was dismissed for failure to file information on June 11, 2018.

15.     On July 11, 2018, Orange Title Insurance Agency, Inc. scheduled a Trustee's Sale

for August 29, 2018, at 9:00 AM.  A copy of the July 11, 2018 Notice of Sale is attached hereto as Exhibit "J".

16.     On August 17, 2018, Tyson G. Christensen, executed a Quit Claim Deed, in favor of the Tyson G. Christensen and Julie D. Fisher.  On August 20, 2018, the Quit Claim Deed was recorded with the Davis County Recorder's Office.  A copy of the Quit Claim Deed is attached hereto as Exhibit "K".

17.     On August 20, 2018, Julie D. Fisher filed Bankruptcy case 18-26173.  This case was dismissed for failure to pay filing fee on September 10, 2018.

18.     On October 24, 2018, Orange Title Insurance Agency, Inc. scheduled a Trustee's Sale for December 5, 2018, at 12:00 PM.  A copy of the October 24, 2018 Notice of Sale is attached hereto as Exhibit "L".

19.     On March 5, 2019, Orange Title Insurance Agency, Inc. scheduled a Trustee's Sale for April 17, 2019, at 12:00 PM.  A copy of the March 5, 2019 Notice of Sale is attached hereto as Exhibit "M".

20.     On April 15, 2019, Julie D. Fisher, executed a Quit Claim Deed, in favor of Geneva Garzarelli and Ciera Marie Yockey.  On April 15, 2019, the Quit Claim Deed was recorded with the Davis County Recorder's Office.  A copy of the Quit Claim Deed is attached hereto as Exhibit "N".

21.     On April 17, 2019, Ciera Marie Yockey filed Bankruptcy Case 19-22630. That case dismissed on April 29, 2019 after the Debtor failed to make all filing fee payments.

22.     On June 24, 2019, Geneva Garzarelli filed Bankruptcy Case 19-24566.  That case dismissed on August 12, 2019 after the Debtor failed file information.

23.     On August 21, 2019, Geneva Garzarelli, executed a Quit Claim Deed, in favor of

Geneva Garzarelli and Royce L. Monson.  On August 21, 2019, the Quit Claim Deed was recorded with the Davis County Recorder's Office.  A copy of the Quit Claim Deed is attached hereto as Exhibit "O".

24.   On August 21, 2019, the Debtor filed this instant case.  Although it is unclear from the docket as no schedules have been filed, it is almost certain that the Debtor will list the property as an asset in an attempt to impose the stay as to this property.

## ARGUMENT

### 1.   Court should grant relief from the Stay

11 U.S.C.A. 362(d)(1) provides that relief from the stay shall be granted for cause (1) cause and (2) (A) the debtor does not have an equity in such property and (B) such property is not necessary to an effective reorganization.  There is cause to terminate the stay under 362(d)(1) based upon the scheme by Borrowers, which now involves Debtor, to hinder, delay, or defraud BOA and grounds to terminate the stay since it is unclear that the Debtor even has an interest in the property, the Debtor does not have equity in the Property and the Property is not necessary for an effective reorganization.

*A.   Cause to Terminate the Stay Due to the Scheme to Delay and/or Hinder BOA.*

Borrower has engaged in a sophisticated scheme involving the transfer of ownership of an interest in real property without the consent of the secured creditor or court approval on the eve of multiple scheduled foreclosure sales.  The property has been transferred multiple times, all with the intent of preventing Secured Creditor from successfully selling this property at foreclosure.  The only intent has been to prevent foreclosure for as long as possible.  It is clear that the Borrowers are engaging in a scheme to delay, hinder or defraud Secured Creditor, and using non-borrower individuals including the Debtor as pawns to further delay Secured Creditor.

As such, cause exists to terminate the automatic stay.

**2.      Relief from Stay under 362(d)(4)**

11 U.S.C.A. 362(d)(4) provides for relief from the stay shall be binding on the property

for two years from the date of the entry of the order.

> With respect to a stay of an act against real property by a creditor whose claim is secured
> by an interest in such real property, if the court finds that the filing of the petition was
> part of a scheme to delay, hinder, **or** defraud creditors that involved:
>      (A)      transfer of all or part ownership of, or other interest in, such real property
> without the consent of the secured creditor or court approval.
>      (B)      multiple bankruptcy filings affecting such real property.
> If recorded in compliance with applicable State laws… be binding in any other case under
> this title filed not later than 2 years after the date of order.

In the present case, Borrowers and Debtor's successive bankruptcy petitions coupled with

multiple pre-petition transfers of ownership of such property, without the consent of the secured

creditor, was part of a scheme to delay, hinder, or defraud creditor affecting the Property.

Therefore, BOA requests that the Court order be binding on the property for the next two years.

**3.      Waiver of Rule 4001(a)(3) 14 Day Waiting Period**

Pursuant to Rule 4001(a)(3) an order granting a motion for relief from an automatic stay

made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry

of the order, *unless the court orders otherwise* (emphasis added).  The Court should waive the

14-day waiting period based upon the scheme to delay, hinder and defraud BOA.  Therefore,

BOA requests that the stay be terminated effective immediately upon the Court signing the Order

Terminating the Stay.

WHEREFORE, BOA moves the Court for the following relief:

1.      That the evidentiary hearing to be held within thirty days of the date of this

motion in accordance with 11 U.S.C., Section 362, be the final evidentiary hearing on this

matter;

2.      That the automatic stay pursuant to 11 U.S.C., Section 362, be modified and terminated to permit BOA to immediately exercise its rights and remedies under applicable state and federal law;

3.      That any order granting relief from the stay be binding on the Property pursuant to 11 U.S.C.A. § 362(d)(4) in that no automatic stay will be in effect for a period of two years in respect to the Debtor's real property located at 2897 West 2300 North, Clinton, UT 84015, more particularly described as:

All of Lot 56, Sunshine Meadows Phase 3, Clinton City, Davis County, Utah, according to the official plat thereof.

4.      With respect to Rule 4001(a)(3), for immediate enforcement of any order for relief granted herein;

5.      That in the event an order dismissing this case is entered prior to the hearing on BOA's motion that the court retain jurisdiction for the limited purpose of both hearing and ruling on BOA's motion.

DATED this 28th day of August, 2019.

*/s/ Brian J. Porter*
Brian J. Porter
Attorney for Bank of America, N.A.

# EXHIBIT "A"

# NOTE

| Multistate | **NOTE** | FHA Case No. |
|---|---|---|
| LOAN NO. | | |

DECEMBER 1          2000
[Date]

2897 WEST 2300 NORTH
CLINTON, UT 84015
[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means
HILLSBOROUGH CORPORATION
A NEVADA CORPORATION
and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of
ONE HUNDRED FORTY-TWO THOUSAND NINE HUNDRED
EIGHTEEN AND 00/100
Dollars (U.S. $142,918.00          ), plus interest, to the order of Lender. Interest will be charged on unpaid principal,
from the date of disbursement of the loan proceeds by Lender, at the rate of SEVEN AND SEVEN EIGHTHS
percent (   7.875          %) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date
as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if
Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

(A) Time

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on
FEBRUARY 1 ,2001          . Any principal and interest remaining on the first day of   JANUARY 1          ,
2031          , will be due on that date, which is called the "Maturity Date."

(B) Place

Payment shall be made at 1204 EAST BASELINE, #104   TEMPE, AZ   85283

or at such place as Lender may designate in writing
by notice to Borrower.

(C) Amount

Each monthly payment of principal and interest will be in the amount of U.S. $ 1,036.26          . This amount
will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and
other items in the order described in the Security Instrument.

(D) Allonge to this Note for payment adjustments

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of
the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of
this Note. [Check applicable box]

☐ Graduated Payment Allonge  ☐ Growing Equity Allonge  ☐ Other [specify]

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first
day of any month. Lender shall accept prepayment on other days provided that borrower pays interest on the amount prepaid for
the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a
partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in
writing to those changes.

FHA Multistate Fixed Rate Note ~ 10/95

Page 1 of 2                                    Initials:

## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of FOUR                                        percent (        4.000        %) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)
TERREYON M. ATKINSON                -Borrower

_____ (Seal)
JENNIFER A. ATKINSON                -Borrower

_____ (Seal)
                                    -Borrower

_____ (Seal)
                                    -Borrower

PAY TO THE ORDER OF
COUNTRYWIDE HOME LOANS, INC.
WITHOUT RECOURSE
HILLSBOROUGH CORPORATION

BY: _____
ANDREW W. CAMPBELL, PRESIDENT

PAY TO THE ORDER OF

WITHOUT RECOURSE
COUNTRYWIDE HOME LOANS, INC.

BY

CAROL HANVUTHINAMMON
ASST. SECRETARY

# DEED OF TRUST

E 1627317 B 2721 P 1137
SHERYL L. WHITE, DAVIS CNTY RECORDER
2000 DEC  4 2:37 PM FEE  20.00  DEP JB
REC'D FOR FIRST AMERICAN TITLE CO OF UTA

WHEN RECORDED RETURN TO:
HILLSBOROUGH CORPORATION, CLOSING DEPARTMENT
1204 EAST BASELINE ROAD, #104
TEMPE, AZ  85283

[Space Above This line for Recording Data]

**STATE OF UTAH**

FHA Case No.:

LOAN NO.

# DEED OF TRUST

THIS DEED OF TRUST ("Security Instrument") is made on   **DECEMBER 1, 2000**

The grantor is
**TERREYON M. ATKINSON AND JENNIFER A. ATKINSON, HUSBAND AND WIFE**

("Borrower"). The trustee is
**FIRST AMERICAN TITLE INSURANCE COMPANY OF UTAH
A CALIFORNIA CORPORATION**

("Trustee"). The beneficiary is
**HILLSBOROUGH CORPORATION
A NEVADA CORPORATION**
which is organized and existing under the laws of  **NEVADA**                                , and whose address is
**1204 EAST BASELINE, #104
TEMPE, AZ  85283**

("Lender"). Borrower owes Lender the principal sum of **ONE HUNDRED FORTY-TWO THOUSAND NINE HUNDRED EIGHTEEN AND 00/100**                        Dollars (U.S. $ **142,918.00**   ).  This debt
is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly
payments, with the full debt, if not paid earlier, due and payable on   **JANUARY 1, 2031**                           .
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals,
extensions and modifications; (b) the payment of all other sums, with interest, advanced under paragraph 6 to protect the
security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security
Instrument and the Note.  For this purpose, Borrower irrevocably grants and coveys to Trustee, in trust, with power of sale, the
following described property located in  **DAVIS**      MEADOWS                        County, Utah:
**ALL OF LOT 56, SUNSHINE MEADOWS PHASE 3, CLINTON CITY, DAVIS
COUNTY, UTAH, ACCORDING TO THE OFFICIAL PLAT THEREOF.**

TAX I.D.

which has the address of  **2897 WEST 2300 NORTH, CLINTON**
                                          [Street]                                    [City]

Utah      **84015**      ("Property Address").
          [Zip Code]

   TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights,
appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights and stock and all fixtures now or hereafter a
part of the property.  All replacements and additions shall also be covered by this Security Instrument.  All of the foregoing is
referred to in this Security Instrument as the "Property."
   BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and
convey the Property and that the Property is unencumbered, except for encumbrances of record.  Borrower warrants and will
defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

FHAUTDOT (05/96)                                    Page 1 of 6                                    Initials

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

E 1627317 B 2721 P 1138

UNIFORM COVENANTS.

1. **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. **Monthly Payment of Taxes, Insurance, and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under Paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If the Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b) and (c).

3. **Application of Payments.** All payments under Paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

4. **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in Paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in Paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5. **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**6. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in Paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in Paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

**7. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in Paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by Paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in Paragraph 2.

Any amounts disbursed by Lender under this Paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of Lender shall be immediately due and payable.  E 1627317 B 2721 P 1139

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**8. Fees.** Lender may collect fees and charges authorized by the Secretary.

**9. Grounds for Acceleration of Debt.**

(a) **Default.** Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including section 341(d) of the Garn-St Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) **No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) **Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within   90 DAYS   from the date hereof, Lender may, at its option require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to   90 DAYS   from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorney's fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise or any right or remedy.

FHAUTDOT (05/96)

Initial: _____

**12. Successors and Assigns Bound; Joint and Several Liability; Co-signors.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of Paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.                                          E 1627317 B 2721 P 1140

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this Paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in the paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender form exercising its rights under this paragraph 17.

Lender shall note be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18. Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to reasonable attorneys' fees and costs of title evidence.

If the power of sale in invoked, Trustee shall execute a written notice of the occurrence of an event of default and of the election to cause the Property to be sold and shall record such notice in each county in which any part of the Property is located. Lender or Trustee shall mail copies of such notice in the manner prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it or to the county clerk of the county in which the sale took place.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

19.  **Reconveyance.**  Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee.  Trustee shall reconvey the Property without warranty and without charge to the person or persons legally entitled to it.  Such person or persons shall pay any recordation costs.

20.  **Substitute Trustee.**  Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder.  Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

21.  **Request for Notices.**  Borrower requests that copies of the notices of default and sale be sent to Borrower's address which is the Property Address.

E 1627317 B 2721 P 1141

**Riders to this Security Instrument.**  If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es).]

☐ Condominium Rider              ☐ Planned Unit Development Rider

☐ Graduated Payment Rider        ☐ Growing Equity Rider

☐ Non-Owner Occupancy Rider      ☐ Adjustable Rate Rider

☐ Other [Specify]

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in pages 1 through 5 of this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____     _____ (Seal)
                                    TERREYON M. ATKINSON        - Borrower

_____     _____ (Seal)
                                    JENNIFER A. ATKINSON        - Borrower

                                    _____ (Seal)
                                                                - Borrower

                                    _____ (Seal)
                                                                - Borrower

_____ Space Below This Line for Acknowledgement _____

STATE OF Utah                    )
                                 ) SS:
COUNTY OF Salt Lake              )

The foregoing instrument was acknowledged before me, a Notary Public, on   12/1/00
                                                                            Date
by:  Terreyon M. Atkinson and Jennifer A. Atkinson

                              Person(s) Acknowledging

In WITNESS WHEREOF, I have hereunto set my hand and official seal.

My Commission expires:   01/13/02

                                    _____
                                    Susan M. Gallegos
                                    Notary Public

FHAUTDOT (05/96)                                            Page 5 of 6

### REQUEST FOR RECONVEYANCE

TO TRUSTEE:

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the persons legally entitled thereto.

Dated: _____        _____

E 1627317 B 2721 P 1142

FHAUTDOT (05/96)

# EXHIBIT "B"

RECORDING REQUESTED BY:

E 1627318 B 2721 P 1143
SHERYL L. WHITE, DAVIS CNTY RECORDER
2000 DEC 4 2:38 PM FEE 10.00 DEP JB
REC'D FOR FIRST AMERICAN TITLE CO OF UTA

AND WHEN RECORDED MAIL TO:
HILLSBOROUGH CORPORATION
1204 EAST BASELINE ROAD, #104
TEMPE, AZ  85283
Case No. ▆▆▆▆▆▆
Loan No. ▆▆▆▆▆▆

NOTE: After having been recorded, this assignment should be kept with the Note and Deed of Trust hereby assigned.

## Assignment of Deed of Trust

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to
COUNTRYWIDE HOME LOANS, INC.,
ITS SUCCESSORS AND/OR ASSIGNS
all beneficial interest under that certain Deed of Trust dated    DECEMBER 1, 2000
executed by    TERREYON M. ATKINSON AND JENNIFER A. ATKINSON, HUSBAND AND WIFE

, Trustor;

to  FIRST AMERICAN TITLE INSURANCE COMPANY OF UTAH,
A CALIFORNIA CORPORATION,
127 SOUTH 500 EAST #600,
SALT LAKE CITY, UT  84102                                          , Trustee; and
recorded concurrently in the office of the County Recorder of  DAVIS                 County,
describing land therein as:        MEADOWS
ALL OF LOT 56, SUNSHINE MEADOWS PHASE 3, CLINTON CITY, DAVIS
COUNTY, UTAH, ACCORDING TO THE OFFICIAL PLAT THEREOF.

TAX I.D. ▆▆▆▆▆▆

TOGETHER with the note or notes therein described and secured thereby, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said Deed of Trust including the right to have reconveyed, in whole or in part the real property described therein.

Dated:    DECEMBER 1, 2000                    HILLSBOROUGH CORPORATION
                                              A NEVADA CORPORATION

                                              _Andrew W. Campbell_ (signature)
                                              ANDREW W. CAMPBELL
                                              PRESIDENT

### (ACKNOWLEDGMENT: FOR CORPORATION)

STATE OF   ARIZONA            )
                             ) SS:
COUNTY OF  MARICOPA           )

On    DECEMBER 1, 2000                , before me, the undersigned, a Notary Public for said state,
personally appeared    ANDREW W. CAMPBELL
who executed the within instrument as    PRESIDENT
personally known to me (or proved to me on the basis of satisfactory evidence) to be the persons who executed the within instrument on behalf of the corporation therein named, acknowledged to me that such corporation executed the within instrument pursuant to its by-laws or a resolution of its board of directors.

WITNESS my hand and official seal.          Signature: _Lyn Bunch_ (signature)

                                            LYN BUNCH
                                            Name (typed or printed)

                                            My Commission Expires:

[Notary seal: OFFICIAL SEAL / LYN BUNCH / NOTARY PUBLIC-ARIZONA / MARICOPA COUNTY / My Comm. Expires Jan 4, 2003]

ASSIGN

2433272
BK 4735 PG 582

RECORDING REQUESTED BY:
RECONTRUST COMPANY, N.A.

WHEN RECORDED MAIL DOCUMENT
TAX STATEMENT TO:
Countrywide Home Loans, Inc
2380 Performance Dr, TX2-985-07-03
Richardson, TX 75082

E 2433272 B 4735 P 582
RICHARD T. MAUGHAN
DAVIS COUNTY, UTAH RECORDER
3/18/2009 11:25:00 AM
FEE $10.00 Pgs: 1
DEP eCASH REC'D FOR BACKMAN TITLE SERVICES

SPACE ABOVE THIS LINE FOR RECORDER'S

## CORPORATION ASSIGNMENT OF DEED OF TRUST/MORTGAGE

FOR VALUE RECEIVED, THE UNDERSIGNED HEREBY GRANTS, ASSIGNS AND TRANSFER TO:

COUNTRYWIDE HOME LOANS SERVICING, L.P.

ALL BENEFICIAL INTEREST UNDER THAT CERTAIN DEED OF TRUST DATED 12/01/2000, EXECUTED
BY: TERREYON M ATKINSON and JENNIFER A ATKINSON, TRUSTOR: TO FIRST AMERICAN TITLE
INSURANCE COMPANY OF UTAH A CALIFORNIA CORPORATION, AS TRUSTEE AND RECORDED AS
INSTRUMENT NO. 1627317 ON 12/04/2000, IN BOOK 2721, PAGE 1137 OF OFFICIAL RECORDS IN THE
COUNTY RECORDERS OFFICE OF DAVIS COUNTY, IN THE STATE OF UTAH. THE LAND AFFECTED
BY THIS ASSIGNMENT IS LOCATED IN DAVIS COUNTY, THE STATE OF UTAH AND IS DESCRIBED
AS FOLLOWS:

ALL OF LOT 56, SUNSHINE MEADOWS PHASE 3, CLINTON CITY, DAVIS COUNTY, UTAH,
ACCORDING TO THE OFFICIAL PLAT THEREOF.

TOGETHER WITH THE NOTE OR NOTES THEREIN DESCRIBED OR REFERRED TO, THE MONEY DUE
AND TO BECOME DUE THEREON WITH INTEREST, AND ALL RIGHTS ACCRUED OR TO ACCRUE
UNDER SAID DEED OF TRUST/MORTGAGE.

Dated: 3/17/09

By: COUNTRYWIDE HOME LOANS, INC.

Leonard Valsin    Assistant Secretary

STATE OF _____ Texas
COUNTY OF _____ Dallas

On 3/17/09 , before me _____ Christopher A. Williams _____ , personally appeared
_____ Leonard Valsin _____ , known to me (or proved to me on the oath of _____ or
through _____ ) to be the person whose name is subscribed to the foregoing instrument and
acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.
WITNESS MY HAND AND OFFICIAL SEAL

_____
Notary Public's Signature

CHRISTOPHER A. WILLIAMS
My Commission Expires
June 20, 2012

Tax ID: ▮▮▮▮▮

Page 1 of 1

*Form UTAssgn (04/08)*

2730860
BK 5740 PG 46

E 2730860 B 5740 P 46-47
RICHARD T. MAUGHAN
DAVIS COUNTY, UTAH  RECORDER
4/3/2013 8:38:00 AM
FEE $12.00  Pgs: 2
DEP eCASH  REC'D FOR GUARDIAN TITLE INS AG

AFTER RECORDING RETURN TO:

Armand J. Howell, Esq.
Matheson and Howell PC
648 East First South
Salt Lake City, Utah 84102
Telephone: (801) 363-2244
MMOJ No.

Parcel ID #:

## ASSIGNMENT OF DEED OF TRUST

**FOR VALUABLE CONSIDERATION,** the receipt of which is hereby acknowledged,
Countrywide Home Loans, Inc.,  hereby assigns to:

Bank of America, N.A.

that certain Deed of Trust, together with the indebtedness secured thereby, which Deed of Trust
is dated December 1, 2000, was executed by Terreyon Atkinson, as Trustor, to First American
Title Insurance Company of Utah A California Corporation, as Trustee, and filed for record with
the Davis County Recorder on December 4, 2000, as Entry No. 1627317, in Book 2721, at Page
1137, situated in said County, described as follows:

ALL OF LOT 56, SUNSHINE MEADOWS PHASE 3, CLINTON CITY, DAVIS
COUNTY, UTAH, ACCORDING TO THE OFFICAL PLAT THEREOF.

Together with all the improvements now or hereafter erected on the property, and all
easements, appurtenances, and fixtures now or hereafter a part of the property.

### COURTESY RECORDING
This document is being recorded solely as a
courtesy and an accommodation to the parties
named therein. Guardian Title Insurance Agency
hereby expressly disclaims any responsibility or
liability for the accuracy thereof.

2852723
**BK 6219 PG 49**

16/4

RECORDING REQUESTED BY:
BANK OF AMERICA, N.A.

**WHEN RECORDED MAIL TO:**
**CoreLogic**
450 E. Boundary Street
Chapin, SC 29036

E 2852723 B 6219 P 49-52
RICHARD T. MAUGHAN
DAVIS COUNTY, UTAH RECORDER
03/09/2015 09:00 AM
FEE $16.00 Pgs: 4
DEP RT REC'D FOR CORELOGIC

Attn: Assignment Unit
Doc #

This Space for Recorder's Use Only

TITLE OF DOCUMENT:

# Corrective
# Assignment of Deed of Trust

This Corrective Assignment is being recorded to correct the Chain of Title
and replace the assignment that recorded on 04/03/13 Document #2730860
Bk 5740 Pg 46 in the county of Davis , UT.

Borrowers:
TERREYON M ATKINSON & JENNIFER A ATKINSON
2897 W 2300 N
CLINTON, UT 84015

THIS SPACE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
(Additional recording fee applies)

➤ 059-TITLE PAGE (R7/95)

2852723
BK 6219 PG 50

Recording requested by:
BANK OF AMERICA , N.A. SBM TO
BAC HOME LOANS SERVICING,LP,
FKA COUNTRYWIDE HOME LOANS
SERVICING LP

When recorded mail to:
CORELOGIC

450 E BOUNDARY STREET
CHAPIN, SC 29036
.Attn: REVIEW AND RESOLUTION

---

CORRECTIVE CORPORATION ASSIGNMENT OF DEED OF TRUST
Doc. ID# ███████
Commitment# ███

For value received, the undersigned, BANK OF AMERICA , N.A. SBM TO BAC HOME
LOANS SERVICING,LP, FKA COUNTRYWIDE HOME LOANS SERVICING LP, 1800 TAPO CANYON
ROAD, SIMI VALLEY, CA 93063, hereby grants, assigns and transfers to:
BANK OF AMERICA, N.A.
1800 TAPO CANYON ROAD, SIMI VALLEY, CA 93063

All beneficial interest under that certain Deed of Trust dated 12/01/00,
executed by: TERREYON M ATKINSON and JENNIFER A ATKINSON, Trustor as per
TRUST DEED recorded as Instrument No. 1627317 on 12/04/00 in Book 2721 Page
1137 of official records in the County Recorder's Office of DAVIS County,
UTAH.
The Trustee is FIRST AMERICAN TITLE INSURANCE COMPANY OF UTAH, A
CALIFORNIA Corporation *C.5
Tax Parcel = █████████
Original Mortgage $142,918.00
2897 W 2300 N, CLINTON, UT 84015

(See attached Exhibit for Legal Description)

Together with the Note or Notes therein described or referred to, the money
due and to become due thereon with interest, and all rights accrued or to
accrue under said Deed of Trust.

2852723
BK 6219 PG 51

CORRECTIVE CORPORATION ASSIGNMENT OF DEED OF TRUST

Doc. ID#
Commitment#

Dated: 11/20/2014          BANK OF AMERICA , N.A. SBM TO BAC HOME LOANS
                           SERVICING,LP, FKA COUNTRYWIDE HOME LOANS SERVICING LP

By _____
                           CYNTHIA SANTOS, ASSISTANT VICE PRESIDENT .

State of California
County of Ventura

On 11/20/2014 before me, _____ **D. Nieblas** _____, Notary Public,
personally appeared CYNTHIA SANTOS, who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California
that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____
                           D. Nieblas          , Notary Public

Prepared by: CYNTHIA SANTOS
1800 TAPO CANYON RD,
SIMI VALLEY, CA 93063
Phone#: (213) 345-0957   Ext:957

D. NIEBLAS
COMM.# 2057846
NOTARY PUBLIC - CALIFORNIA
VENTURA COUNTY
My Comm. Expires Feb. 14, 2018

(2)

*2852723*
*BK 6219 PG 52*

# Legal Description

ALL OF LOT 56, SUNSHINE MEADOWS PHASE 3, CLINTON CITY, DAVIS
COUNTY, UTAH, ACCORDING TO THE OFFICAL PLAT THEREOF.

Doc. ID#

2730860
BK 5740 PG 47

MMOJ No. ▮▮▮▮▮
Parcel ID # ▮▮▮▮▮▮▮▮

Dated: _March 28, 2013_

Countrywide Home Loans, Inc.

By: _Jacqueline Spears-Manning_

Name: _Jacqueline Spears-Manning_

Title: _Assistant Vice President_

ACKNOWLEDGMENT:

STATE OF _Texas_
COUNTY OF _Dallas_

On _March 28, 2013_ before me, _Quan Nguyen_ Notary Public, personally
appeared _Jacqueline Spears-Manning_ who proved to me on the basis of satisfactory
evidence to be the person(s) whose name(s) _is_/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that
by his/her/their signature(s) on the instrument the person(s), or the entity upon the behalf of which the
person(s) acted, executed the instrument.

_Texas Jan Im_

I certify under PENALTY OF PERJURY under the Laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

QUAN NGUYEN
Notary Public, State of Texas
My Commission Expires
September 11, 2013

Signature _____  (seal)
_QUAN NGUYEN_

2

# EXHIBIT "C"

E 2934935 B 6504 P 571-572
2934935
BK 6504 PG 571
RICHARD T. MAUGHAN
DAVIS COUNTY, UTAH RECORDER
4/27/2016 12:38:00 PM
FEE $12.00 Pgs: 2
DEP eCASH REC'D FOR LSI TITLE AGENCY INC

WHEN RECORDED RETURN TO:

ORANGE TITLE INSURANCE AGENCY, INC.
374 East 720 South
Orem, Utah 84058
866-931-0036

# NOTICE OF DEFAULT

T.S. NO.: ▮▮▮▮▮▮                              APN: ▮▮▮▮▮▮

NOTICE IS HEREBY GIVEN THAT TERREYON M. ATKINSON AND JENNIFER A. ATKINSON,
HUSBAND AND WIFE as Trustor, FIRST AMERICAN TITLE INSURANCE COMPANY OF UTAH
as Trustee, in favor of HILLSBOROUGH CORPORATION A NEVADA CORPORATION as
Beneficiary, under the Deed of Trust dated 12/1/2000 and recorded on 12/4/2000, as Instrument No.
1627317, in Book 2721, Page 1137, in the official records of Davis County, Utah, covering the following
described real property situated in said County and State, to-wit:

ALL OF LOT 56, SUNSHINE MEADOWS PHASE 3, CLINTON CITY, DAVIS COUNTY, UTAH,
ACCORDING TO THE OFFICIAL PLAT THEREOF.

The obligation included a Note for the principal sum of $142,918.00.
A breach or a default in the obligation for which said Deed of Trust is security has occurred as
follows: Installment of Principal and Interest plus impounds and/or advances which became due
on 2/1/2008 plus late charges, and all subsequent installments of principal, interest, balloon
payments, plus impounds and/or advances and late charges that become payable.

Page 1 of 2

2934935
BK 6504 PG 572

**NOTICE OF DEFAULT**

T.S. NO. ▓▓▓▓▓▓

By reason of such default, BANK OF AMERICA, N.A., the current Beneficiary has executed and delivered to the Trustee a written declaration of default and a demand for sale, has deposited with the Trustee the deed and all documents evidencing the obligation secured thereby is immediately due and payable, and has elected and does elect to cause the trust property to be sold to satisfy the obligations secured thereby.

TRUSTEE CONTACT INFORMATION:
ORANGE TITLE INSURANCE AGENCY, INC.
374 East 720 South
Orem, Utah 84058
Phone: (801) 285-0964
Hours: Monday-Friday 9a.m.-5p.m.

DATED: 4/26/16                    ORANGE TITLE INSURANCE AGENCY, INC.

Megan Larson, Manager, Authorized Agent

State of Utah    } ss.
County of Utah   }

On 4/26/2016 before me, Taylor Anderson                    , Notary Public, personally appeared **Megan Larson** who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of said State that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature Taylor Anderson            (Seal)

TAYLOR LYNN ANDERSON
NOTARY PUBLIC·STATE OF UTAH
COMMISSION# 685937
COMM. EXP. 10-02-2019

# EXHIBIT "D"

E 2934934 B 6504 P 569-570
RICHARD T. MAUGHAN
DAVIS COUNTY, UTAH  RECORDER
4/27/2016 12:38:00 PM
FEE $12.00  Pgs: 2
DEP eCASH  REC'D FOR LSI TITLE AGENCY INC

TS No. ▮▮▮▮▮▮    Loan No. ▮▮▮▮▮▮

After Recording Return to:
Orange Title Insurance Agency, Inc.
1447 South 550 East
Orem, Utah 84097

---

SPACE ABOVE THIS LINE FOR RECORDER'S USE

TS No. ▮▮▮▮▮▮
Parcel ID # ▮▮▮▮▮▮

## SUBSTITUTION OF TRUSTEE

ORANGE TITLE INSURANCE AGENCY, INC. is hereby appointed Successor trustee under the trust deed executed by **TERREYON M. ATKINSON AND JENNIFER A. ATKINSON, HUSBAND AND WIFE,** as trustor, in which HILLSBOROUGH CORPORATION A NEVADA CORPORATION is named as beneficiary and FIRST AMERICAN TITLE INSURANCE COMPANY OF UTAH as trustee, and filed for record on 12/4/2000, with recorder's entry 1627317, Book 2721 Page 1137 Davis County, Utah.  The undersigned beneficiary hereby ratifies and confirms all actions on its behalf by the successor trustee prior to the recording of this instrument.

The Trust Deed covers the following described real property situated in Davis County, Utah:

TS No. ▮▮▮▮▮    Loan No.▮▮▮▮▮

ALL OF LOT 56, SUNSHINE MEADOWS PHASE 3, CLINTON CITY, DAVIS COUNTY, UTAH, ACCORDING TO THE OFFICIAL PLAT THEREOF.

Dated March 31, 2016                    BANK OF AMERICA, N.A. (BANA)

By: Angela Rico 3/3/16
Printed Name: Angela Lita Artemisa Rico
Assistant Vice President (AVP)

TRUSTEE CONTACT INFORMATION:
ORANGE TITLE INSURANCE AGENCY, INC.
1447 South 550 East
Orem, Utah 84097
Phone: (801) 285-0964
Hours: Monday-Friday 9a.m.-5p.m.

State of Arizona    } ss.
County of Maricopa  }

On March 31, 2016 before me, Rosemary Trujillo , Notary Public, personally appeared Angela Lita Artemisa Rico who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of said State that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature Rosemary Trujillo 3-31-16 (Seal)
Notary Public Rosemary Trujillo

ROSEMARY TRUJILLO
NOTARY PUBLIC - ARIZONA
Maricopa County
My Commission Expires
October 1, 2019

2

# EXHIBIT "E"

# NOTICE OF TRUSTEE'S SALE

T.S.# 
Loan #
A.P.N.:

## IMPORTANT NOTICE TO PROPERTY OWNER

The following described property will be sold at public auction to the highest bidder payable in lawful money of the United States at THE MAIN ENTRANCE OF THE DAVIS COUNTY DISTRICT COURT BOUNTIFUL DEPARTMENT, 805 SOUTH MAIN STREET, BOUNTIFUL, UTAH 84010 on 9/14/2016 at 9:00 AM of said day, for the purpose of foreclosing a Trust Deed dated 12/1/2000 and executed by TERREYON M. ATKINSON AND JENNIFER A. ATKINSON, HUSBAND AND WIFE as trustors, in favor of HILLSBOROUGH CORPORATION A NEVADA CORPORATION, recorded on 12/4/2000, as Instrument No. 1627317, in Book 2721, Page 1137, covering the following real property located in Davis and more particularly described as follows:

ALL OF LOT 56, SUNSHINE MEADOWS PHASE 3, CLINTON CITY, DAVIS COUNTY, UTAH, ACCORDING TO THE OFFICIAL PLAT THEREOF.

A.P.N.:

The current beneficiary of the trust deed is BANK OF AMERICA, N.A. and the record owner(s) of the property as of the recording of the notice of default is/are TERREYON M. ATKINSON and JENNIFER A. ATKINSON. The street address of the property is purported to be **2897 W 2300 N, CLINTON, UT 84015-0000**. The undersigned disclaims liability for any error in the address.

Bidders must be prepared to tender to the trustee $20,000.00 at the sale and the balance of the purchase price by 12:00 noon the day following the sale. Both payments must be in the form of a cashier's check or certified funds. "Official" checks and cash are not acceptable.

TRUSTEE CONTACT INFORMATION:
ORANGE TITLE INSURANCE AGENCY, INC.
374 East 720 South
Orem, Utah 84058
Phone: (801) 285-0964
866-931-0036
Hours: Monday-Friday  9a.m.-5p.m.

Dated:   8-3-2016                                ORANGE TITLE INSURANCE AGENCY, INC.

**Brett Sorensen**                                ,Authorized Agent

# EXHIBIT "F"

2971915
BK 6616 PG 499

When Recorded Mail to:

TYSON G. CHRISTENSEN
6300 N SAGEWOOD DR
Park City, UT 84098

**RETURNED**

**OCT 0 6 2016**

FILE NO.:

E 2971915 B 6616 P 499
RICHARD T. MAUGHAN
DAVIS COUNTY, UTAH  RECORDER
10/06/2016 12:28 PM
FEE $10.00  Pgs: 1
DEP RT  REC'D FOR TYSON G CHRISTENS
EN

## QUIT CLAIM DEED

TERREYON M. ATKINSON, Grantor, of DAVIS COUNTY, State of UTAH, hereby CONVEYS and
QUIT CLAIMS to TYSON G. CHRISTENSEN, Grantee, of Summit County, State of Utah for the
sum of TWO THOUSAND DOLLARS AND OTHER VALUABLE CONSIDERATIONS*****
the following described tract(s) of land in DAVIS County, State of Utah, to-wit:

ALL OF LOT 56, SUNSHINE MEADOWS PHASE 3, CONT. 0.34 ACRES  ACCORDING
TO THE OFFICIAL PLAT THEREOF, AS RECORDED IN THE OFFICE OF THE
DAVIS COUNTY RECORDER.

Together, with all buildings, fixtures, and improvements thereon and all water rights, rights
of way, easements, rents, issues, profits, income, tenements, hereditaments, franchise,
privileges and appurtenances thereunto belonging, now or hereafter used or enjoyed with
said property, or any part thereof

The street address and other common designation of the real property described above is purported
to be:

2897 WEST 2300 NORTH, CLINTON, UTAH 84015

Property Tax ID No.: ▮▮▮▮▮

WITNESS the hand(s) of said grantor(s), this _1st_ day of October, 2016.

Signed in the presence of

TERREYON M. ATKINSON

STATE OF   UTAH                )
                              ).ss
County of   SALT LAKE          )

On the _1st_ day of OCTOBER, 2016, personally appeared before me, TERREYON M.
ATKINSON, the signer(s) of the above instrument, who duly acknowledged to me that he/she/they
executed the same.

NOTARY PUBLIC
Residing In: SALT LAKE CITY
My Commission Expires: 08/24/2019

KYLE B MILLET
Notary Public
State of Utah
Comm. No. 684724
My Comm. Expires Aug 24, 2019

# EXHIBIT "G"

# NOTICE OF TRUSTEE'S SALE

T.S.# 
Loan #
A.P.N.:

## IMPORTANT NOTICE TO PROPERTY OWNER

The following described property will be sold at public auction to the highest bidder payable in lawful money of the United States at THE MAIN ENTRANCE OF THE DAVIS COUNTY DISTRICT COURT BOUNTIFUL DEPARTMENT, 805 SOUTH MAIN STREET, BOUNTIFUL, UTAH 84010 on 2/1/2017 at 9:00 AM of said day, for the purpose of foreclosing a Trust Deed dated 12/1/2000 and executed by TERREYON M. ATKINSON AND JENNIFER A. ATKINSON, HUSBAND AND WIFE as trustors, in favor of HILLSBOROUGH CORPORATION A NEVADA CORPORATION, recorded on 12/4/2000, as Instrument No. 1627317, in Book 2721, Page 1137, covering the following real property located in Davis and more particularly described as follows:

ALL OF LOT 56, SUNSHINE MEADOWS PHASE 3, CLINTON CITY, DAVIS COUNTY, UTAH, ACCORDING TO THE OFFICIAL PLAT THEREOF.

A.P.N.:

The current beneficiary of the trust deed is BANK OF AMERICA, N.A. and the record owner(s) of the property as of the recording of the notice of default is/are TERREYON M. ATKINSON and JENNIFER A. ATKINSON. The street address of the property is purported to be **2897 W 2300 N, CLINTON, UT 84015-0000**. The undersigned disclaims liability for any error in the address.

Bidders must be prepared to tender to the trustee $20,000.00 at the sale and the balance of the purchase price by 12:00 noon the day following the sale. Both payments must be in the form of a cashier's check or certified funds. "Official" checks and cash are not acceptable.

TRUSTEE CONTACT INFORMATION:
ORANGE TITLE INSURANCE AGENCY, INC.
374 East 720 South
Orem, Utah 84058
Phone: (866) 931-0036
Fax: (801) 285-0964
Hours: Monday-Friday 9a.m.-5p.m.

Dated: 11/22/16

ORANGE TITLE INSURANCE AGENCY, INC.

_____ ,Authorized Agent

Megan Larson

# EXHIBIT "H"

# NOTICE OF TRUSTEE'S SALE

T.S.# 
Loan #
A.P.N.:

## IMPORTANT NOTICE TO PROPERTY OWNER

The following described property will be sold at public auction to the highest bidder payable in lawful money of the United States at THE MAIN ENTRANCE OF THE DAVIS COUNTY DISTRICT COURT BOUNTIFUL DEPARTMENT, 805 SOUTH MAIN STREET, BOUNTIFUL, UTAH 84010 on 1/3/2018 at 9:45 AM of said day, for the purpose of foreclosing a Trust Deed dated 12/1/2000 and executed by TERREYON M. ATKINSON AND JENNIFER A. ATKINSON, HUSBAND AND WIFE as trustors, in favor of HILLSBOROUGH CORPORATION A NEVADA CORPORATION, recorded on 12/4/2000, as Instrument No. 1627317, in Book 2721, Page 1137, covering the following real property located in Davis County, Utah and more particularly described as follows:

ALL OF LOT 56, SUNSHINE MEADOWS PHASE 3, CLINTON CITY, DAVIS COUNTY, UTAH, ACCORDING TO THE OFFICIAL PLAT THEREOF.

A.P.N.:

The current beneficiary of the trust deed is BANK OF AMERICA, N.A. and the record owner(s) of the property as of the recording of the notice of default is/are TERREYON M. ATKINSON and JENNIFER A. ATKINSON.  The street address of the property is purported to be **2897 W 2300 N, CLINTON, UT 84015-0000**. The undersigned disclaims liability for any error in the address.

Bidders must be prepared to tender to the trustee $20,000.00 at the sale and the balance of the purchase price by 12:00 noon the day following the sale.  Both payments must be in the form of a cashier's check or certified funds.  "Official" checks and cash are not acceptable.

TRUSTEE CONTACT INFORMATION:
ORANGE TITLE INSURANCE AGENCY, INC.
374 East 720 South
Orem, Utah 84058
Phone: (800) 500-8757
Fax: (801) 285-0964
Hours: Monday-Friday 9a.m.-5p.m.

Dated: 10-26-2017

ORANGE TITLE INSURANCE AGENCY, INC.

**Brett Sorensen** ,Authorized Agent

Page 1 of 1

# EXHIBIT "I"

# NOTICE OF TRUSTEE'S SALE

T.S.# 
Loan #
A.P.N.:

## IMPORTANT NOTICE TO PROPERTY OWNER

The following described property will be sold at public auction to the highest bidder payable in lawful money of the United States at THE MAIN ENTRANCE OF THE DAVIS COUNTY DISTRICT COURT BOUNTIFUL DEPARTMENT, 805 SOUTH MAIN STREET, BOUNTIFUL, UTAH 84010 on 4/25/2018 at 9:45 AM of said day, for the purpose of foreclosing a Trust Deed dated 12/1/2000 and executed by TERREYON M. ATKINSON AND JENNIFER A. ATKINSON, HUSBAND AND WIFE as trustors, in favor of HILLSBOROUGH CORPORATION A NEVADA CORPORATION, recorded on 12/4/2000, as Instrument No. 1627317, in Book 2721, Page 1137, covering the following real property located in Davis County, Utah and more particularly described as follows:

ALL OF LOT 56, SUNSHINE MEADOWS PHASE 3, CLINTON CITY, DAVIS COUNTY, UTAH, ACCORDING TO THE OFFICIAL PLAT THEREOF.

A.P.N.:

The current beneficiary of the trust deed is BANK OF AMERICA, N.A. and the record owner(s) of the property as of the recording of the notice of default is/are TERREYON M. ATKINSON and JENNIFER A. ATKINSON. The street address of the property is purported to be **2897 W 2300 N, CLINTON, UT 84015-0000**. The undersigned disclaims liability for any error in the address.

Bidders must be prepared to tender to the trustee $20,000.00 at the sale and the balance of the purchase price by 12:00 noon the day following the sale. Both payments must be in the form of a cashier's check or certified funds. "Official" checks and cash are not acceptable.

TRUSTEE CONTACT INFORMATION:
ORANGE TITLE INSURANCE AGENCY, INC.
374 East 720 South
Orem, Utah 84058
Phone: (800) 500-8757
Fax: (801) 285-0964
Hours: Monday-Friday 9a.m.-5pm.

Dated: 2-13-2018

ORANGE TITLE INSURANCE AGENCY, INC.

**Brett Sorensen** ,Authorized Agent

Page 1 of 1

# EXHIBIT "J"

# NOTICE OF TRUSTEE'S SALE

T.S.# 
Loan #
A.P.N.:

## IMPORTANT NOTICE TO PROPERTY OWNER

The following described property will be sold at public auction to the highest bidder payable in lawful money of the United States at the Main entrance to the Davis County District Court Bountiful Department located at 805 South Main Street, Bountiful, UT 84010 on 8/29/2018 at 9:00 AM of said day, for the purpose of foreclosing a Trust Deed dated 12/1/2000 and executed by TERREYON M. ATKINSON AND JENNIFER A. ATKINSON, HUSBAND AND WIFE as trustors, in favor of HILLSBOROUGH CORPORATION A NEVADA CORPORATION, recorded on 12/4/2000, as Instrument No. 1627317 in Book 2721 Page 1137 the following real property located in Davis County, Utah and more particularly described as follows:

ALL OF LOT 56, SUNSHINE MEADOWS PHASE 3, CLINTON CITY, DAVIS COUNTY, UTAH, ACCORDING TO THE OFFICIAL PLAT THEREOF.
A.P.N.:

The current beneficiary of the trust deed is BANK OF AMERICA, N.A. ("Beneficiary") and the record owner(s) of the property as of the recording of the notice of default is/are TERREYON M. ATKINSON and JENNIFER A. ATKINSON. The street address of the property is purported to be **2897 W 2300 N, CLINTON, UT 84015-0000**.

Bidders must be prepared to tender to the trustee $10,000.00 at the sale and the balance of the purchase price by 12:00 noon the day following the sale. Both payments must be in the form of a cashier's check or certified funds. "Official" checks and cash are not acceptable. If the highest bidder refuses to pay the amount of the bid, the bidder forfeits its deposit and is liable for any loss as a result of the refusal, including interest, costs and trustee's and reasonable attorney fees.

TRUSTEE CONTACT INFORMATION:
ORANGE TITLE INSURANCE AGENCY, INC.
374 East 720 South
Orem, Utah 84058
Phone: (800) 500-8757
Fax: (801) 285-0964
Hours: Monday-Friday 9a.m.-5p.m.

A Trustee's deed will be delivered to the successful bidder within five business days after receipt of the amount bid. Successor Trustee disclaims liability for any error in the street address shown herein. Successor Trustee may void sale due to any unknown facts at time of sale that would cause the cancellation of the sale. If sale is voided, Successor Trustee shall return funds to bidder, and the Successor Trustee and Beneficiary shall not be liable to bidder for any damages. If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against the Beneficiary, Trustor, Successor Trustee or the Successor Trustee's attorney. This is an attempt to foreclose a security instrument and any information obtained will be used for that purpose.

Dated: 7-11-2018             ORANGE TITLE INSURANCE AGENCY, INC.

**Brett Sorensen** Authorized Agent

Page 1 of 1

# EXHIBIT "K"

3111978
BK 7081 PG 330

When Recorded Mail to:
Julie D. Fisher
1877 West Hyannis Ave #A
West Valley City, UT 84119

**RETURNED**

**AUG 20 2018**

FILE NO.:

E 3111978 B 7081 P 330
RICHARD T. MAUGHAN
DAVIS COUNTY, UTAH RECORDER
08/20/2018 11:27 AM
FEE $10.00 Pgs: 1
DEP RTT REC'D FOR TYSON CHRISTENSE

## QUIT CLAIM DEED

TYSON G. CHRISTENSEN, Grantor, of SALT LAKE COUNTY, State of UTAH, hereby CONVEYS and QUIT CLAIMS to TYSON G. CHRISTENSEN AND JULIE D. FISHER, Grantees, AS TENANTS IN COMMON, of Salt Lake County, State of Utah for the sum of FIVE HUNDRED DOLLARS AND OTHER VALUABLE CONSIDERATIONS*****
the following described tract(s) of land in DAVIS County, State of Utah, to-wit:

ALL OF LOT 56, SUNSHINE MEADOWS PHASE 3, CONT. 0.34 ACRES ACCORDING TO THE OFFICIAL PLAT THEREOF, AS RECORDED IN THE OFFICE OF THE DAVIS COUNTY RECORDER.

Together, with all buildings, fixtures, and improvements thereon and all water rights, rights of way, easements, rents, issues, profits, income, tenements, hereditaments, franchise, privileges and appurtenances thereunto belonging, now or hereafter used or enjoyed with said property, or any part thereof

The street address and other common designation of the real property described above is purported to be:

2897 WEST 2300 NORTH, CLINTON, UTAH 84015

Property Tax ID No.: ███████

WITNESS the hand(s) of said grantor(s), this 17 day of August, 2018.

Signed in the presence of



TYSON G. CHRISTENSEN

STATE OF    UTAH                )
                               ).ss
County of    SALT LAKE          )

On the 17 day of August, 2018, personally appeared before me, TYSON G. CHRISTENSEN, the signer of the above instrument, who duly acknowledged to me that he executed the same.

JOEL H BROWN
Notary Public – State of Utah
Comm. No. 692887
My Commission Expires on
Dec 26, 2020

Joel H Brown
NOTARY PUBLIC
Residing In:
My Commission Expires:

# EXHIBIT "L"

# NOTICE OF TRUSTEE'S SALE

T.S.# ▇▇▇▇
Loan # ▇▇▇
A.P.N.: ▇▇▇

## IMPORTANT NOTICE TO PROPERTY OWNER

The following described property will be sold at public auction to the highest bidder payable in lawful money of the United States at the Main entrance to the Davis County District Court Bountiful Department located at 805 South Main Street, Bountiful, UT 84010 on 12/5/2018 at 12:00 PM of said day, for the purpose of foreclosing a Trust Deed dated 12/1/2000 and executed by TERREYON M. ATKINSON AND JENNIFER A. ATKINSON, HUSBAND AND WIFE as trustors, in favor of HILLSBOROUGH CORPORATION A NEVADA CORPORATION, recorded on 12/4/2000, as Instrument No. 1627317 in Book 2721 Page 1137 covering the following real property located in Davis County, Utah and more particularly described as follows:

ALL OF LOT 56, SUNSHINE MEADOWS PHASE 3, CLINTON CITY, DAVIS COUNTY, UTAH, ACCORDING TO THE OFFICIAL PLAT THEREOF.
A.P.N.: ▇▇▇▇▇

The current beneficiary of the trust deed is BANK OF AMERICA, N.A. ("Beneficiary") and the record owner(s) of the property as of the recording of the notice of default is/are TERREYON M. ATKINSON and JENNIFER A. ATKINSON. The street address of the property is purported to be **2897 W 2300 N, CLINTON, UT 84015-0000.**

Bidders must be prepared to tender to the trustee $10,000.00 at the sale and the balance of the purchase price by 12:00 noon the day following the sale. Both payments must be in the form of a cashier's check or certified funds. "Official" checks and cash are not acceptable. If the highest bidder refuses to pay the amount of the bid, the bidder forfeits its deposit and is liable for any loss as a result of the refusal, including interest, costs and trustee's and reasonable attorney fees.

TRUSTEE CONTACT INFORMATION:
ORANGE TITLE INSURANCE AGENCY, INC.
374 East 720 South
Orem, Utah 84058
Phone: (800) 500-8757
Fax: (801) 285-0964
Hours: Monday-Friday 9a.m.-5p.m.

A Trustee's deed will be delivered to the successful bidder within five business days after receipt of the amount bid. Successor Trustee disclaims liability for any error in the street address shown herein. Successor Trustee may void sale due to any unknown facts at time of sale that would cause the cancellation of the sale. If sale is voided, Successor Trustee shall return funds to bidder, and the Successor Trustee and Beneficiary shall not be liable to bidder for any damages. If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against the Beneficiary, Trustor, Successor Trustee or the Successor Trustee's attorney. This is an attempt to foreclose a security instrument and any information obtained will be used for that purpose.

ORANGE TITLE INSURANCE AGENCY, INC.

DATED: _10/24/18_

_Sheri Patterson_

Sheri Patterson, Authorized Agent

# EXHIBIT "M"

# NOTICE OF TRUSTEE'S SALE

T.S.# 
Loan #
A.P.N.:

## IMPORTANT NOTICE TO PROPERTY OWNER

The following described property will be sold at public auction to the highest bidder payable in lawful money of the United States at At the Main entrance to the Davis County District Court Bountiful Department located at 805 South Main Street, Bountiful, UT 84010 on 4/17/2019 at 12:00 PM of said day, for the purpose of foreclosing a Trust Deed dated 12/1/2000 and executed by TERREYON M. ATKINSON AND JENNIFER A. ATKINSON, HUSBAND AND WIFE as trustors, in favor of HILLSBOROUGH CORPORATION A NEVADA CORPORATION, recorded on 12/4/2000, as Instrument No. 1627317 in Book 2721 Page 1137 covering the following real property located in Davis County, Utah and more particularly described as follows:

ALL OF LOT 56, SUNSHINE MEADOWS PHASE 3, CLINTON CITY, DAVIS COUNTY, UTAH, ACCORDING TO THE OFFICIAL PLAT THEREOF.
A.P.N.:

The current beneficiary of the trust deed is BANK OF AMERICA, N.A. ("Beneficiary") and the record owner(s) of the property as of the recording of the notice of default is/are TERREYON M. ATKINSON and JENNIFER A. ATKINSON. The street address of the property is purported to be **2897 W 2300 N, CLINTON, UT 84015-0000.**

Bidders must be prepared to tender to the trustee $10,000.00 at the sale and the balance of the purchase price by 12:00 noon the day following the sale. Both payments must be in the form of a cashier's check or certified funds. "Official" checks and cash are not acceptable. If the highest bidder refuses to pay the amount of the bid, the bidder forfeits its deposit and is liable for any loss as a result of the refusal, including interest, costs and trustee's and reasonable attorney fees.

TRUSTEE CONTACT INFORMATION:
ORANGE TITLE INSURANCE AGENCY, INC.
374 East 720 South
Orem, Utah 84058
Phone: (800) 500-8757
Fax: (801) 285-0964
Hours: Monday-Friday 9a.m.-5p.m.

A Trustee's deed will be delivered to the successful bidder within five business days after receipt of the amount bid. Successor Trustee disclaims liability for any error in the street address shown herein. Successor Trustee may void sale due to any unknown facts at time of sale that would cause the cancellation of the sale. If sale is voided, Successor Trustee shall return funds to bidder, and the Successor Trustee and Beneficiary shall not be liable to bidder for any damages. If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against the Beneficiary, Trustor, Successor Trustee or the Successor Trustee's attorney. This is an attempt to foreclose a security instrument and any information obtained will be used for that purpose.

ORANGE TITLE INSURANCE AGENCY, INC.

DATED: 3/5/19

Sheri Patterson, Authorized Agent

Page 1 of 1

# EXHIBIT "N"

3153744
BK 7241 PG 753

When Recorded Mail to:

Ciera Marie Yockey
2897 West 2300 North
Clinton, UT 84015

E 3153744 B 7241 P 753
RICHARD T. MAUGHAN
DAVIS COUNTY, UTAH RECORDER
04/15/2019 02:01 PM
FEE $10.00 Pgs: 1
DEP RTT REC'D FOR JULIE D FISHER

FILE NO.:

# QUIT CLAIM DEED

JULIE D. FISHER, Grantor, of SALT LAKE COUNTY, State of UTAH, hereby CONVEYS and
QUIT CLAIMS to CIERA MARIE YOCKEY AND GENEVA GARZARELLI, Grantees, AS
TENANTS IN COMMON of Davis County, State of Utah for the sum of ONE HUNDRED
DOLLARS ($100.00) AND OTHER VALUABLE CONSIDERATIONS*****
the following described tract(s) of land in DAVIS County, State of Utah, to-wit:

ALL OF LOT 56, SUNSHINE MEADOWS PHASE 3, CONT. 0.34 ACRES ACCORDING
TO THE OFFICIAL PLAT THEREOF, AS RECORDED IN THE OFFICE OF THE
DAVIS COUNTY RECORDER.

Together, with all buildings, fixtures, and improvements thereon and all water rights, rights
of way, easements, rents, issues, profits, income, tenements, hereditaments, franchise,
privileges and appurtenances thereunto belonging, now or hereafter used or enjoyed with
said property, or any part thereof

The street address and other common designation of the real property described above is purported
to be:

2897 WEST 2300 NORTH, CLINTON, UTAH 84015

Property Tax ID No.: ▮▮▮▮▮▮

WITNESS the hand(s) of said grantor(s), this 15 day of April, 2019.

Signed in the presence of

JULIE D. FISHER

STATE OF   UTAH
                                    ),ss
County of   SALT LAKE              )

On the 15 day of April, 2019, personally appeared before me, JULIE D. FISHER, the signer of
the above instrument, who duly acknowledged to me that she executed the same.

NOTARY PUBLIC
PATRICK JARVIS
COMM. # 704161
COMMISSION EXPIRES
FEBRUARY 9, 2023
STATE OF UTAH

NOTARY PUBLIC
Residing In: Salt Lake
My Commission Expires: 02/09/2023

# EXHIBIT "O"

When Recorded Mail to:

Geneva Garzarelli
2897 West 2300 North
Clinton, UT  84015

E 3181091 B 7330 P 49
RICHARD T. MAUGHAN
DAVIS COUNTY, UTAH  RECORDER
08/21/2019 08:04 AM
FEE $40.00 Pgs: 1
DEP RTT  REC'D FOR ROYCE L MONSON

FILE NO.:

RETURNED

AUG 2 1 2019

## QUIT CLAIM DEED

GENEVA GARZARELLI, Grantor, of DAVIS COUNTY, **State of UTAH, hereby CONVEYS and
QUIT CLAIMS to ROYCE L. MONSON AND GENEVA GARZARELLI, Grantees, AS
TENANTS IN COMMON of Davis County, State of Utah for the sum of ONE HUNDRED
DOLLARS ($100.00) AND OTHER VALUABLE CONSIDERATIONS*****
the following described tract(s) of land in DAVIS County, State of Utah, to-wit:**

> **ALL OF LOT 56, SUNSHINE MEADOWS PHASE 3, CONT. 0.34 ACRES ACCORDING
> TO THE OFFICIAL PLAT THEREOF, AS RECORDED IN THE OFFICE OF THE
> DAVIS COUNTY RECORDER.**

> **Together, with all buildings, fixtures, and improvements thereon and all water rights, rights
> of way, easements, rents, issues, profits, income, tenements, hereditaments, franchise,
> privileges and appurtenances thereunto belonging, now or hereafter used or enjoyed with
> said property, or any part thereof**

The street address and other common designation of the real property described above is purported
to be:

> **2897 WEST 2300 NORTH, CLINTON, UTAH 84015**

Property Tax ID No.: ████████████

WITNESS the hand(s) of said grantor(s), this ⟨2d⟩ day of August, 2019.

Signed in the presence of

_____
**GENEVA GARZARELLI**

STATE OF    UTAH          )
                          ).ss
County of    DAVIS        )

On the ⟨2d⟩ day of August 2019, personally appeared before me, GENEVA GARZARELLI, **the
signer of the above instrument, who duly acknowledged to me that she executed the same.**



_____
NOTARY PUBLIC
Residing In:
My Commission Expires:

MARTIN STANLEY GOMEZ
NOTARY PUBLIC • STATE OF UTAH
COMMISSION# 687428
COMM. EXP. 02-08-2020